In re ADAMS SARTORIAL ART CO.

(District Court, D. Colorado. March 5, 1900.)

1. BANKRUPTCY—FEES AND COSTS—COMPENSATION OF MARSHAL.
    Where the court of bankruptcy, upon the filing of a petition in involuntary bankruptcy, orders the marshal to take possession of the property of the bankrupt and hold the same until a trustee is appointed, the marshal is entitled to receive, out of the estate, compensation for his services under such order, in addition to the costs and expenses incurred.

2. SAME—AMOUNT ALLOWED.
    Where the marshal, under such order, took possession of the property and held it for 17 days, when a trustee in bankruptcy was appointed and qualified, to whom the marshal turned over the estate, *held*, that the marshal should be allowed $20, as a reasonable compensation for his services.

In Bankruptcy. On review of decision of referee in bankruptcy.

Bicksler, McLean & Bennett, for creditors.

HALLETT, District Judge (orally). A question has arisen before the referee in respect to the compensation of the marshal for taking possession of the goods of the bankrupt before adjudication. The marshal took possession of the goods, under order of the court, December 4th. The trustee was appointed on December 21st, and the marshal then, under order, turned over the goods to the trustee. In passing his accounts before the referee, the marshal demanded $100, in addition to the costs incurred in keeping the goods, as compensation for his services. The referee denied this compensation, except as to the sum of $5. The matter was brought before the court for review. The contention of counsel for the creditors is that the marshal, under such circumstances, is not entitled to anything for his services; he may have the costs and expense of keeping the goods during the time he is in charge; he cannot have anything for his services. The question arises under the third clause of section 2 of the bankruptcy act, by which the court has authority to appoint a receiver, or the marshal, upon application of parties in interest, in cases where it shall appear to be necessary for the preservation of the estate, to take charge of the property of the bankrupt, and after the filing of the petition, and until it is dismissed or the trustee is qualified. If a receiver should be appointed under this clause of the act, there would be no question as to his right to compensation for his services, and I do not perceive that it can make any difference if the marshal shall act in that capacity. The circum-

stance that he receives a salary for all services performed by him is not controlling. · The referee seems to have assumed that, because he did not personally get the compensation allowed, therefore it was not intended that he should have it. That is not the fact. The marshal does get personal compensation for all services rendered by him, in the way of a salary; and fees which were allowed him as compensation before the act fixing a salary are still collected in suits of all kinds, as a fund out of which salaries shall be paid. So that the fact that there is a salary is a matter of no weight. I think the marshal is as much entitled to pay for his services in keeping the property as a receiver would be if a receiver had been appointed. The pay ought to be in amount such as the act requires in respect to other services which may be rendered by officers, and the fees allowed to all officers under this act are small,—so small that there is a good deal of grumbling about them,—but still the officers go on and accept what they can get. The time was short in which the marshal held this property. I think that a reasonable compensation for the service would be $20, and that amount will be allowed for his service.