. In re RICHARDS et al.

(District Court, D. Massachusetts. November 25, 1903.)

No. 7,273.

1. BANKRUPTCY—RECEIVER—COMPENSATION.
    Bankr. Act July 1, 1898, § 48, 30 Stat. 557, c. 541 [U. S. Comp. St. 1901, p. 3439], fixes a maximum for the compensation of a trustee. Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 409], amending Bankr. Act 1898, § 2, cl. 5, restricts a trustee's compensation to this maximum, though he carries on the bankrupt's business, as well as distributes the estate. Held, that a receiver having charge of an involuntary bankrupt's estate before adjudication might be awarded the full maximum fixed by section 48, without reference to the compensation afterwards awarded the trustee, and was not restricted to an amount to be deducted from the trustee's maximum in proportion to the relative services rendered.

In Bankruptcy.

Philip J. Sondheim, for receiver.

LOWELL, District Judge. Receivers were appointed on an involuntary petition, and for some time carried on the business of the bankrupt with skill and success. They have been allowed by the referee compensation based upon the theory that the aggregate·compensation of receivers and trustees is in no case to exceed the maximum allowed the trustee under section 48, Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]. The reasoning in support of the theory is this: The duties of the trustee may require him to carry on the bankrupt's business, as well as ' to distribute the estate. If he does both, he cannot, under the amendment made by the Ray bill (Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 409]) to section 2, cl. 5, of the original bankrupt act, obtain a larger compensation than that allowed by section 48. A receiver is not to be paid upon more liberal scale than is a trustee. If a receiver performs part of a trustee's duties, the aggregate compensation should not exceed that which would be paid to the trustee if he did everything himself. Therefore only a suitable proportion of the maximum compensation allowed by section 48 can in any case be paid to the receiver. What the receiver gets must be taken from the trustee's maximum. ·

The provisions of section 2, cl. 5, of the act, as amended by the Ray bill, are not altogether clear in meaning; and the construction thus stated, which was adopted by the referee after informal conference with the judge, has something to recommend it. In re Carolina Co. (D. C.) 96 Fed. 950. Upon reconsideration, however, I think the construction is too strict. The receiver is not, strictly speaking, performing a part of the duties of a trustee. The management of the estate before the appointment of a trustee differs in important respects from the management thereafter. Under an involuntary petition, in particular, the receiver's duty is often to maintain as far as possible the continuity of the respondent's affairs, so that, if no adjudication is made, his property and business may

be redelivered to him damaged as little as possible by the proceedings in bankruptcy. I think, therefore, that the court is permitted to allow as maximum compensation to receivers who have carried on the business, the maximum compensation allowed to trustees by section 48; this receivers' allowance not necessarily to be deducted from the trustees' maximum, but in some cases reckoned in addition to the latter. Referees will understand that this is the maximum, not the minimum or the normal, compensation of receivers. Sometimes the receiver's duties are merely formal, and so his compensation should be small. Sometimes he has so far settled the bankrupt's estate that the trustee's duties are little more than formal, and so the trustee's compensation should be small. In many cases the rule hitherto adopted by the referee may well be proper, but I do not think it is absolutely binding in all cases. Its universal adoption would so limit the compensation of receivers as to make a suitable appointment difficult in some cases. An efficient administration of the bankrupt act calls for a reasonable liberality in this matter. The opinion just expressed applies only to receivers who have carried on the business. The compensation allowable to other receivers is not here in question.

The judgment of the referee is reversed, and the case is remanded to him for further proceedings not inconsistent with this opinion.