### In re CAMBRIDGE LUMBER CO.

(District Court, D. Massachusetts. April 18, 1905.)

No. 9,331.

1. BANKRUPTCY—RECEIVERS — MANAGING BANKRUPT'S BUSINESS—COMPENSATION.

Bankr. Act July 1, 1898, c. 541, § 48a, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 415], provides that trustees shall receive for their services, and from estates which have been administered, such commissions on all moneys disposed of by them as may be allowed by the

courts, not to exceed specified percentages. Section 2 (5) as amended (32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 409]), authorizes the court to permit the business of bankrupts to be conducted for limited periods by receivers, who shall receive for their services compensation at no greater rate than is allowed trustees for similar services; and section 72 (32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 418]), declares that neither the referee nor the trustee shall, in any form or guise, receive any other or further compensation for their services than that expressly authorized and prescribed in the act. *Held*, that such sections fixed the compensation of trustees for conducting the bankrupt's business, as well as for other services in administering his estate, and hence a receiver of a bankrupt was only entitled to the percentages prescribed for all services, including carrying on the bankrupt's business.

2. SAME—"DISBURSEMENTS."

The word "disbursements," as used in section 48 as amended, should be construed, with reference to receivers, to include the value of property taken possession of by the receiver and delivered to others in specie.

In Bankruptcy.

Arthur E. Burr, for receiver.

LOWELL, District Judge. This case concerns the allowance to be made to a receiver for conducting the business of the bankrupt. Under the original act of 1898, a receiver's compensation was not limited by statute, but only by the discretion of the court, like that of a receiver in equity. In re Adams Sartorial Co. (D. C.) 101 Fed. 215; In re Scott (D. C.) 99 Fed. 404. The compensation of a trustee, on the other hand, was fixed by section 48a of Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], "as full compensation for their services * * * from estates which they have administered, such commissions on sums to be paid as dividends and commissions as may be allowed by the courts not to exceed three per centum on the first five thousand dollars or less, two per centum on the second five thousand dollars or part thereof, and one per centum on such sums in excess of ten thousand dollars." It follows that a receiver might be allowed for conducting the bankrupt's business whatever the court saw fit to award, while the trustee could get nothing for like services, unless his management of the business increased the dividends paid to creditors. Yet the conduct of the bankrupt's business by the trustee was expressly provided for by section 2 (5) (30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]), by virtue of which the court might "authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals or trustees if necessary in the best interests of the estates."

We come to changes introduced by the Ray bill. Section 2 was amended by adding the words, "and allow such officers additional compensation for such services but not at a greater rate than in this act allowed trustees for similar services." Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 409]. As the court of bankruptcy was already authorized, under its general equity jurisdiction, to allow the receiver for conducting the bankrupt's business whatever compensation, additional or otherwise, it saw fit to make, this amendment in no way increased his compensation. On the

other hand, that compensation, in some respects at least, was limited thereby for the first time to the compensation of the trustee. As the receiver's compensation was thus made to depend, at least to some extent, upon that of the trustee, we must determine the limits of the latter by construing the provisions regarding it as they stand amended by the Ray bill. The trustee's compensation, fixed as above stated by section 48a of the original act, was by the Ray bill affected as follows:

First. By the amendment to section 2 just quoted.

Second. By amending section 48 to read as follows:

"Trustees shall receive for their services * * * and from estates which they have administered, such commissions on all moneys disbursed by them as may be allowed by the courts, not to exceed six per centum on the first five hundred dollars or less, four per centum on moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per centum on moneys in excess of fifteen hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars." 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 415].

Third, By a new section (72):

"That neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act." 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 418].

What is the trustee's compensation expressly authorized and prescribed by the amended bankrupt act for conducting the bankrupt's business? It has been urged that the trustee who carries on the bankrupt's business may be allowed as a maximum both the stated percentage on all moneys disbursed by him as trustee, and a like percentage, in addition to the above, upon all moneys disbursed by him in the conduct of the bankrupt's business. He would thus receive a double percentage on some disbursements, a single percentage on others. This construction appears to me altogether untenable. No reason can be given for making a double allowance based on the same disbursements, and this is opposed to the whole spirit of the act. In practice, the trustee would always be tempted to ask leave to carry on the bankrupt's business. The construction proposed is therefore laid aside as inadmissible.

Again, it was urged that the trustee's compensation for conducting the bankrupt's business was left unlimited by the act; the limitation of section 48 applying only to his compensation for other services. This construction is opposed to the plain language of section 72, and must be rejected. It remains only to base the trustee's compensation upon section 48, allowing him as a maximum the percentage therein stated upon all disbursements made by him. While this construction, in form, gives him no additional compensation for conducting the bankrupt's business, it does give him this compensation in substance, because the conduct of the bankrupt's business will increase his disbursements and the sum upon which his percentage may be computed. It is true that this construction leaves the amendment to section 2 without effect, so far as the trustee is concerned, but a consistent interpretation of all the provisions

of the act is impossible. If, then, the trustee's compensation is thus limited, how does this limitation affect the compensation of a receiver? May the court allow its receiver what it sees fit for his services in general, with an additional limited allowance for his particular services in conducting the bankrupt's business? This construction has some support in grammatical considerations, but in effect it nullifies the limitations imposed at the end of section 2. If the receiver's compensation be composed of two elements, one of which is not limited, it is clear that a limitation upon the other is ineffectual. Upon the whole, though with considerable doubt, I prefer to construe the limitation as imposed upon the receiver's total compensation for all his services of whatever sort. The amendment is intended to provide that receivers shall not be more highly paid than trustees. The receiver's maximum compensation, therefore, is that stated percentage upon disbursements which is fixed as the maximum compensation of the trustee. One apparent exception may be made to this rule: It is the ordinary duty of the trustee to reduce the estate to money. As applied to him, the word "disbursements" may be confined to payments in money. The receiver, on the other hand, is often required to keep and deliver up property in specie, and, as a basis for his compensation, the word "disbursements" may be construed so as to permit a compensation based upon the value of the property which he delivers. Thus construed, the act is made reasonable and harmonious. If some violence is done thereby to its grammatical construction, that is a result required by every construction proposed. I find nothing in this interpretation opposed to the decision of this court in In re Richards, 127 Fed. 772, and in that case attention is called to the fact that the allowances above mentioned are to be treated by the referees as maximum allowances, not to be given in every case.

The judgment of the referee is reversed, and the case is remitted to him, with instructions to proceed in accordance with this opinion.