## In re KIRKPATRICK.

(Circuit Court of Appeals, Sixth Circuit.   November 27, 1906.)

### No. 1,549.

**BANKRUPTCY—COMPENSATION OF RECEIVERS.**

The compensation to be allowed a receiver appointed under Bankr. Act July 1, 1898, c. 541, § 2 (3), 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], for taking charge of and preserving the estate until the appointment of a trustee, is left to the discretion of the court as in ordinary cases in courts of equity, and is not limited by subsection 5 as amended by Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 682], which empowers the court to authorize the business of bankrupts to be con-

ducted for limited periods by receivers, the marshals, or trustees, and to "allow such officers additional compensation for such services, but not at a greater rate than in this act allowed trustees for similar services"; such amendment having reference only to services rendered in conducting the business of the bankrupt when so authorized.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Michigan.

Frank H. Scott and Redmond H. Stephens, for petitioner.

Frank N. Wheeler, Fred D. Silber, and Martin J. Isaacs, for Eder-heimer, Stein & Co.

Before LURTON and SEVERENS, Circuit Judges, and COCH-RAN, District Judge.

SEVERENS, Circuit Judge. This is a petition to review an order made by the district judge fixing the amount to be allowed to the receiver.

Upon the filing of the petition in bankruptcy, John C. Kirkpatrick was appointed receiver "of all the property of the bankrupts with all the usual powers of a receiver in such matter"; and by the terms of the order was specifically given "full power and authority to take possession of all the property and assets of said alleged bankrupts of every name and nature and to preserve, repair, care for and protect the same, and to demand, receive and collect any debts or demands which may be or become due to said alleged bankrupts." He qualified as receiver and took charge of the assets of the estate. Under his direction and with his co-operation, proceedings were taken by attorneys chosen by him, property of the bankrupts to the amount in value of $47,000 was recovered, which wholly or in large part might have been lost but for the efforts of the receiver and the attorneys. He applied for leave to carry on the business in which the bankrupts had been engaged, but this the court declined to grant. He was engaged in the duties of receiver from the date of his appointment, April 12, 1904, until August 18, 1904. Upon the filing of his petition for an allowance of $2,500, as compensation for the services thus rendered, it was referred to the referee, who, upon the objection of creditors, appointed a hearing thereon. A hearing was had, and the result was that the referee determined that the amount asked was a reasonable one and should be allowed. Exceptions were filed by creditors and the order proposed by the referee was taken to the district judge for review. The judge did not decide what a reasonable compensation would be if the question were one for the discretion of the court, for he held that the maximum allowance which could be given would be the maximum compensation fixed by the bankruptcy statutes for services rendered by trustees in carrying on the business of the bankrupt, which in the present case would amount to $623.32, and this amount he allowed. On this petition for a review of the order of the district judge made in conformity with his opinion as above stated, two questions are stated by counsel for petitioner. (1) Did the judge err in respect to the question of law touching the limitation of the receiver's compensation? And (2) if he did, and the amount allowable is not limited by the bankruptcy act as held by the judge, whether the sum allowed by the

referee was a reasonable sum? We shall have occasion to deal only with the first of these questions.

By the second clause of section 47, Act July 1, 1898, and by section 67e, c. 541, 30 Stat. 557, 565 [U. S. Comp. St. 1901, pp. 3438, 3449], by legal proceedings or otherwise, the trustee is required to collect and reduce to money the property of the estate for which he is trustee. By section 48 (30 Stat. 557, 558 [U. S. Comp. St. 1901, p. 3439]) a maximum compensation to the trustee was provided for. But the exigencies of some cases might require the appointment of a receiver to take charge of the assets until in due course a trustee should be appointed. And by subsection 3 of section 2 (30 Stat. 545, 546 [U. S. Comp. St. 1901, p. 3421]) such appointment was authorized. By subsection 5 of section 2 power was given to authorize the business of the bankrupt to be conducted for limited periods by the receiver, trustee, or marshal. No provision was made for the compensation of receivers for performing the duties required by subsection 3 of section 2. That was left to the discretion of the court, as in ordinary cases in courts of equity. But by Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 682], subsection 5 of section 2 was amended by adding these words:

"And to allow such officers additional compensation for such services, but not at a greater rate than in this act allowed to trustees for similar services."

Evidently this provision and limitation has reference to services rendered by the receiver, marshal, or trustee in conducting the business of the bankrupt, and not to services required of receivers and marshals by subsection 3 of section 2 in taking charge of the estate pending the appointment of a trustee; and it evidently presupposes that some compensation is allowable for services rendered in taking charge of the property. If that be so, it would follow that this amendment is irrelevant to the present inquiry, which does not relate to services rendered in conducting the business of the bankrupt, and it becomes unimportant to inquire what is the effect of the reference in the amendment to the rate allowed trustees for similar services.

It is urged by counsel for the creditors that, unless the amendment to clause 5 of section 2 is construed to limit the compensation which can be allowed to receivers and marshals, it has no effect whatsoever. We do not say that it does not limit the compensation to those officers for services performed in conducting the business of the bankrupt. Nor is it correct to say that the amendment was unnecessary to the limiting of compensation to trustees for the kind of services mentioned in clause 5 of section 2, for the reason that that was done by the new section (72) added by Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 691]. The bankrupt act, while providing that compensation for the other services, provided, not that the trustee should have therefor the rate or percentage mentioned, but only not to exceed that. If, therefore, in a given case, the court should allow for the trustee's other services a less rate than the maximum prescribed for them, it could under this amendment allow a further sum for these special services so as to make the entire compensation for all services come up to the maximum. The purpose to keep down the compensation of

the trustee to the maximum prescribed is emphasized by the language of subsection 72, which is:

"That neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act." Act Feb. 5, 1903, c. 487, 32 Stat. 800 [U. S. Comp. St. Supp. 1905, p. 691].

As is seen, this relates to referees and trustees. It is not improbable that Congress intended that the provisions made for continuing the business of the bankrupt should not be allowed to enlarge the maximum prescribed as the compensation of the trustee, and have considered that the trustee should find in the enhancement of the assets a larger basis on which to compute his compensation, and have further considered that it was desirable not to encourage the continuance of the business unless the prospect was such as to make it probable that there would be an increase of assets which would sufficiently reward the trustee for his trouble.

For the reason above stated, that the question here involved is not of compensation for carrying on the business, the cases of In re Richards (D. C.) 127 Fed. 772, and In re Cambridge Lumber Co. (D. C.) 136 Fed. 983, decided by Judge Lowell, which are cited, are not pertinent. Both were cases where the services were rendered in carrying on the bankrupt's business, and clause 5 of section 2 was the applicable provision. In the case of In re Sully (D. C.) 133 Fed. 997, decided by Judge Holt, a compensation much larger than that allowed to trustees was awarded to receivers who had rendered valuable services by collecting a large sum for the estate which the judge thought was due to the large experience and skill of the receivers. The provisions of the bankrupt act relating to compensation were not referred to, evidently because the learned judge considered that the case fell under clause 3 of section 2 of the original act and was subject to the exercise of the discretion of the court. And it was such a case. It follows that the order under review must be reversed.

Inasmuch as upon this petition we cannot find facts, but decide only questions of law, and the district judge did not consider the facts upon the proper legal basis, it seems the proper course to simply reverse the order, with a direction to proceed in conformity with this opinion. It was competent for the district judge to have ordered a further hearing before himself on additional evidence if he had not adopted the erroneous rule of law.

Order reversed, with direction as above, with costs.