## In re MARTIN BORGESON CO.

### (District Court, E. D. New York. February 16, 1907.)

BANKRUPTCY—ALLOWANCE TO RECEIVER—DISCRETION OF COURT.

In bankruptcy proceedings, the compensation to be allowed receivers and their attorneys is a matter entirely within the discretion of the court, to be determined in view of the services rendered and their net results to the estate, and it is not essential to the validity of such an allowance that notice should have been given to the trustee or creditors, or that a hearing be had either before the court or a commissioner.

In Bankruptcy.

Escher & Fox, for trustee.

Manassah Miller, for receiver.

CHATFIELD, District Judge. This application is made on the return of an order to show cause, obtained by the trustee in bankruptcy, and directed to the receiver and his attorney. The motion is to vacate and set aside the report of a special commissioner who passed upon the receiver's account and the applications of that receiver and his attorney for allowances, and also to set aside the order of confirmation made by this court, with the Honorable Edward B. Thomas holding the court, on the 31st day of December, 1906. The moving party also asks that the receiver's account be sent back to the special commissioner, with leave to the trustee in bankruptcy to be heard on the settlement of the account and the fixing of the allowances.

This matter was begun by the filing of an involuntary petition. Through the rivalry and differences existing between two sets of creditors, the available estate of the bankrupt seems to have been increased from about $3,000, as estimated by the president of the bankrupt corporation, to $4,600, as reported by the receiver. Without going into the question of motive actuating the creditors, the fact is apparent that the receiver has more money to distribute than would have been realized if all the parties had agreed. Upon this state of facts, an application was made to the judge holding this court prior to December 31, 1906, to confirm the report of the receiver, and to grant an allowance to the receiver and his attorney. The report was referred to a special commissioner, who recommended that the receiver's report be confirmed, and that $100 be allowed to the receiver, and $150 to his attorney, as compensation. The court thereupon made an order, dated December 31, 1906, confirming the said report, allowing $150 to the receiver, and also $150 to his attorney. The application for the order of December 31, 1906, was made ex parte by the receiver and his attorney, and the trustee, who was one of the creditors interested in the rivalry above mentioned, and his attorney, who also acted for him individually before his appointment as trustee, now desire to have this court reopen the order of confirmation and the matter of allowances, and, the matter having been sent back to the special commissioner, that notice be directed to be given to the trustee of the hearing before the special commissioner.

From an examination of the bankruptcy law, the question of compensation to receivers and their attorneys seems to be entirely within the

discretion of the court. The purpose of a reference to the referee as special commissioner is to obtain for the court the advantage of an estimate by the referee, who is familiar with the amount and value of the services rendered in comparison with the net results. These questions can be found by the special commissioner upon the taking of additional testimony, or upon his satisfying himself in whatever manner he wishes, in order to report what he believes to be facts and correct conclusions. But the court is not bound by his report, and in the exercise of its discretion need require the presence of no one, either before the special commissioner or before the court. In the exercise of its discretion the court made the order of December 31, 1906, and fixed the allowances as seemed best to the judge entering that order. A perusal of the record and of the order shows that in the making thereof such discretion was exercised, and it is impossible for any one reviewing this proceeding to find that the order was made without the exercise of any discretion. This court has no power to put itself in the place of the judge upon December 31, 1906, and to determine whether the same situation would appeal to this court in exactly the same manner. Neither has this court any reason to attempt to decide what its order would have been if the matter had been brought before it upon the original application.

The motion made upon the return of the order to show cause herein will be denied.