In re WILLIS W. RUSSELL CARD CO.

(District Court, D. New Jersey. April 13, 1909.)

1. BANKRUPTCY (§ 228*)—REFEREES—ORDERS—SETTING ASIDE—LACHES.

A motion to vacate an order made by a referee in bankruptcy, on the ground that he was without jurisdiction to make it, should be entertained at any time and disposed of on the merits; the doctrine of laches having no application in such case.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

2. BANKRUPTCY (§ 368*)—TRUSTEES—CONTINUANCE OF BUSINESS—COMPENSATION.

Bankr. Act July 1, 1898, c. 541, § 2, subd. 5, 30 Stat. 546, as amended by Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1308), providing that courts of bankruptcy may authorize the business of bankrupts to be carried on by receivers or trustees, and allow such officers additional compensation for their services, does not vest the court with power to fix the compensation of a trustee in advance for such services to be rendered in the future.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. § 368.*]

In the matter of the Willis W. Russell Card Company, bankrupt. On petitions to review orders of referee. Orders reversed.

Harrison Clark, Jr., for petitioner.
Robert Adrain, for trustee in bankruptcy.

LANNING, District Judge. At the first meeting of the creditors of the bankrupt, in April, 1908, John W. Dickinson was elected trustee, and a resolution was adopted by the creditors authorizing the trustee to operate and continue the business of the bankrupt for the period of three months. On May 5, 1908, the referee, on the application of the trustee, and without notice to the creditors, made an order allowing the trustee a salary of $100 per week for carrying on the business. He carried on the business, under what authority does not appear, until February 2, 1909, when another meeting of creditors, pursuant to due notice, was held. At this meeting the creditors resolved "that the business be continued by the trustee for another year," and also "that the trustee's conduct of said business to date be in all respects approved." None of these proceedings were objected to by Ward & Gow, the assignors of the present petitioner. The claim of Ward & Gow was assigned to the petitioner, who is William S. Cox, on February 24, 1909. Cox moved, before the referee, on March 8, 1909, that the order of May 5, 1908, allowing the trustee a salary of $100 per week, be vacated for want of jurisdiction on the part of the referee to make it, and for failure to observe the provisions of General Order No. 23.[1] The referee entered an order, March 8, 1909, "that the said motion be and the same hereby is not entertained." This order is now here on Cox's petition to review it, and the errors assigned are that the salary order is void for want of authority on the part of the referee to make it, and also because, in making it, the provisions of General Order No. 23 were not observed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
[1] 89 Fed. xi, 32 C. C. A. xxvi.

Unquestionably the referee erred in refusing to entertain the motion to vacate. Based, as it was, on the allegation that there is no authority in the bankruptcy act for granting such special allowance to a trustee for carrying on the business of the bankrupt, the motion should have been heard and disposed of on its merits. There seems to be less discretionary power allowed the court in fixing the fees of trustees for services rendered under Act July 1, 1898, c. 541, § 2, subd. 5, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3121), than in fixing the fees of receivers under section 2, subd. 3. See In re Kirkpatrick, 148 Fed. 812, 78 C. C. A. 501; In re Sully (D. C.) 133 Fed. 997; In re Martin Borgeson Co. (D. C.) 151 Fed. 780. Whatever power the bankruptcy act may confer in fixing the fees of trustees for carrying on business after the work is completed, or from time to time as the work progresses, it is clear that there is no authority to fix his compensation by an order to operate in futuro. The order of May 5, 1908, is wholly void, and it should have been vacated.

The order refusing to entertain the motion to vacate the order of May 5th is reversed, and the order must be returned to the referee, with instructions to entertain the motion to vacate and proceed in accordance with the views above expressed. The doctrine of laches, which is insisted on by counsel for the trustee, is not applicable to a motion to vacate an order made without jurisdiction, especially where no rights have become vested under the order sought to be vacated. 1 Rem. on Bankruptcy, p. 277.

The second petition of review brings up an order of March 8, 1909, by which the referee refused to entertain a motion to vacate an order of April 24, 1908, allowing certain creditors set-offs by way of trade dividends. It may be that the order of April 24th ought not to be vacated; but, as the motion is based on alleged want of jurisdiction to make the order, it should have been entertained and disposed of on its merits.

This order, too, is therefore reversed, and the record must be returned to the referee, with instructions to hear the motion and dispose of it as the referee may think justice and the law require.