In re GEORGE W. SHIEBLER & CO.

(Circuit Court of Appeals, Second Circuit.   November 9, 1909.)

No. 76.

BANKRUPTCY (§ 368*)—COMPENSATION OF TRUSTEES—CONDUCTING BUSINESS
OF BANKRUPT.
   Under Bankr. Act July 1, 1898, c. 541, § 2 (5), 30 Stat. 545, 546 (U. S.
Comp. St. 1901, p. 3421), as amended in 1903 (Act Feb. 5, 1903, c. 487, 32
Stat. 797 [U. S. Comp. St. Supp. 1909. p. 1308]), providing that the court
may "authorize the business of bankrupts to be conducted for limited
periods by receivers, the marshals, or trustees,  *  *  *  and allow such
officers additional compensation for such services, but not at a greater
rate than in this act allowed trustees for similar services," such addi-
tional compensation rests in the discretion of the court, having regard to
the nature of the service rendered, and is not limited to the allowance
of commissions on money disbursed in the conduct of the business at the
rate fixed for trustees by section 48a, as amended in 1903 (Act Feb. 5,
1903, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1909, p. 1313]), which can-
not be made applicable to such services.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 368.*]

   Petition for Revision of Proceedings of the District Court of the
United States for the Eastern District of New York, in Bankruptcy.
   In the matter of George W. Shiebler & Co., bankrupts.   David C.
Bennett, Jr., trustee, petitions for revision of an order (165 Fed. 363)
fixing his compensation.   Order reversed.

   D. C. Bennett, Jr., for petitioner.
   Thompson, Vanderpoel & Freedman (Henry Thompson and C. S.
Cooke, of counsel), for respondent.

   Before LACOMBE, COXE, and WARD, Circuit Judges.

   WARD, Circuit Judge.   In this case the trustee seeks to revise an
order of the District Judge, confirming the report of a special master,
allowing the trustee only the statutory rate of commissions on moneys
disbursed by him in carrying on the business of the bankrupts.   Both
the master and the court found that this compensation was inadequate,
but were of opinion that the bankruptcy act (Act July 1, 1898, c. 541,
30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) permits no more to be
given.   Section 2, subd. 5, as amended in 1903 (Act Feb. 5, 1903, c.
487, § 1, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]), em-
powers the District Courts to—

"authorize the business of bankrupts to be conducted for limited periods by
receivers, the marshals or trustees, if necessary, in the best interests of the
estates, and allow such officers additional compensation for such services, but
not at a greater rate than in this act allowed trustees for similar services."

   Section 48, subd. "a" as amended in 1903, provides that trustees
shall receive for their services, among other things—

"from estates which they have administered such commissions on all moneys
disbursed by them as may be allowed by the courts not to exceed six per
centum on the first $500 or less, four per centum on moneys in excess of $500

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and less than $1,500, two per centum on moneys in excess of $1,500 and less than $10,000, and one per centum on moneys in excess of $10,000."

It seems to us that the carrying on of a bankrupt's business is not a part of the general services of trustees, but is extraordinary, and that Congress for this reason allowed additional compensation. No such service is contemplated in section 48, subd. "a," and therefore the rate of compensation therein provided does not apply.

That part of the service which involves merely the collecting of bills and disbursing of expenses is similar to the ordinary administration in bankruptcy and should be compensated (once only) at the rate fixed in section 48, subd. "a." But the other features of continuing a business are not similar to closing it out. They necessitate supervision, replenishment of stock, and intelligent business judgment in continuing a going concern. The value of the service will vary in different cases, according to the success of the trustee, and the compensation for it, we think, is in the sound discretion of the court, having regard to all the circumstances, inasmuch as the act prescribes no compensation for any similar service.

We are aware that there has been considerable diversity of opinion as to the proper construction of the bankruptcy act in respect of compensation of receivers and trustees. In re Hart (D. C.) 17 Am. Bankr. Rep. 480; Matter of Pequod Co. (D. C.) 18 Am. Bankr. Rep. 352; Re Cambridge Lumber Co. (D. C.) 136 Fed. 983; Re Kirkpatrick, 148 Fed. 811, 78 C. C. A. 501. But we prefer to take the law as it was enacted, without searching for an intent that has not been expressed.

As the order is founded on an erroneous construction of the law, it is reversed, with direction to the District Judge to allow the trustee such additional compensation for the service of continuing the business as he thinks proper.