In re GINSBURG.

(District Court, E. D. Tennessee, S. D.    August 9, 1913.)

No. 1,582.

BANKRUPTCY (§ 484*)—RECEIVERS—COMPENSATION—STATUTE—CONSTRUCTION.
   Bankr. Act July 1, 1898, c. 541, § 48d, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501), provides that receivers shall receive for their services such compensation as the court may allow, not exceeding 6 per cent. on the first $500, 4 per cent. on moneys in excess of $500 and less than $1,500, etc., provides that, when the receiver acts as a mere custodian and does not carry on the business of the bankrupt, he shall not receive nor be allowed in any form or guise more than 2 per cent. of the first $1,000, and one-half of 1 per cent. on all moneys above $1,000. *Held*, that the limitations of the proviso in clause "d" does not extend to cases other than those where the receiver is a mere custodian; and hence, where the receiver took charge of the bankrupt's goods and had them inventoried, an appraisement made, and later advertised and sold them for much more than their appraised value, he was more than a mere custodian, and, though he did not carry on the business of the bankrupt, he was entitled to receive such reasonable compensation as the court might allow for his entire services within the limits fixed by the general provisions of clause "d," to wit, not exceeding 6 per cent. on the first $500, etc.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. § 484.*]

In the matter of bankruptcy proceedings of Sam Ginsburg, bankrupt. On petition of John S. Fletcher, as receiver, to review an order of the referee making an allowance of $38 for services as such receiver. Modified and reversed.

Strang & Fletcher, of Chattanooga, Tenn., for receiver.

SANFORD, District Judge. It appears that the petitioner was appointed receiver of the estate of the bankrupt, took charge of its stock

of goods, had them insured, and an inventory and appraisement made; and that later, on the petition of one of the creditors for an immediate sale of the goods, he, the receiver, was instructed by the referee to sell the goods, and in accordance with such order advertised the sale in the newspapers, communicated with prospective purchasers and later made the sale for $4,600.00 in cash, although the appraised value was only $3,970.00, and made reports of the sale and of his work as receiver at creditors' meetings. The receiver asked for an allowance of $100.00, but the referee, being of opinion that under section 48 (d) of the Bankruptcy Act a receiver who does not carry on the business of the bankrupt cannot be allowed more than two per cent on the first thousand dollars and one-half of one per cent on all above one thousand dollars, allowed him only $38.00. I am of opinion that this was error.

Section 48 (d) of the Act, as amended by the Act of June 25, 1910, provides that receivers appointed pursuant to section 2 (3) of the Act shall receive for their services such compensation as the court may allow, not exceeding six per cent of the first five hundred dollars, four per cent on moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per cent on moneys in excess of fifteen hundred dollars and less than ten thousand dollars, and one per cent on moneys in excess of ten thousand dollars; provided, that when the receiver "acts as a mere custodian and does not carry on the business of the bankrupt," as provided in section 2 (5) of the Act, he "shall not receive nor be allowed in any form or guise" more than two per cent of the first thousand dollars and one-half of one per cent on all moneys above one thousand dollars. Section 48 (e) further provides that where the business is conducted by receivers the court may allow them additional compensation for such services by way of commission, on the basis of certain per centages specified in this clause.

The referee states in his certificate that "it is conceded that the receiver was more than a mere custodian," but was of opinion that the limitation of the proviso in clause (d) applies in all cases where the receiver does not carry on the business of the bankrupt. I am of opinion that this construction of the clause was erroneous, and that the limitation of this proviso only applies in cases where two conditions exist: first, that the receiver is a "mere custodian," and, second, that he does not carry on the business of the bankrupt.

In 3 Remington on Bankruptcy, § 390½, p. 105, it is said that "doubtless there may be instances arising where a receiver or marshal who does not 'carry on the business of the bankrupt', may yet be more than a 'mere custodian.' The proviso limiting the compensation of the custodian was meant to cover cases where the services performed were merely those of a 'keeper.'" This, I think, is a sound construction of the Act, which as I view it, provides for different rates of compensation to the receiver in three classes of cases, as follows: 1st, where he discharges general duties as receiver, not limited to those of a custodian, he may be allowed compensation within the limits specified in the general provision of clause (d), that is, six per cent on the

first five hundred dollars, etc.; 2nd, where however he is merely a custodian and does not carry on the business, the *proviso* applies, and his compensation is limited to two per cent on the first thousand dollars, and one-half of one per cent on the excess; and 3rd, where he also carries on the business of the bankrupt he may be allowed the additional compensation provided by clause (e).

Since, therefore, the receiver was more than a mere custodian, I am of opinion that his compensation was not limited by the proviso but that he was entitled to receive such reasonable compensation as the court might allow for his entire services as receiver, within the limits fixed by the general provision contained in clause (d), that is, not exceeding six per cent of the first five hundred dollars, etc.

The petition for review will accordingly be allowed, the order of the referee limiting the receiver's compensation to $38.00 reversed, and the cause remanded to the referee for further proceedings fixing the fee of the receiver in accordance with this opinion. The costs incident to the petition to review will be paid out of the general assets being administered in this cause. An order will be entered accordingly.