### In re GRIESHEIMER et al.

(District Court, N. D. California, First Division.  October 17, 1913.)

No. 8,125.

BANKRUPTCY (§ 484*)—RECEIVERS—FEES.

    A receiver was in possession of the bankrupts' property but six days, during which time the store was closed. Not more than three times the receiver opened the store to permit prospective purchasers to view the stock, occupying 10 or 15 minutes each time, and sale was finally effected through no efforts of the receiver. He employed an attorney, who prepared the necessary papers, who presented a claim for $200, which was reduced to $75. *Held*, that the receiver was only entitled to a fee of 2 per cent. on the first $1,000 and one-half of 1 per cent. on the balance, as pro-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vided by Bankr. Act July 1, 1898, § 48d, as added by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1503).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. § 484.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Chas. Griesheimer and another, as copartners doing business under the name and style of the Variety Store, and such persons individually. On petition for review of referee's order allowing receiver's fees. Modified.

Jas. P. Keleher and Jos. Kirk, both of San Francisco, Cal., for trustee.

F. S. Howell, for Geo. M. Brush.

DOOLING, District Judge. Petition for review of referee's order allowing receiver's fees. The receiver was in possession of the property not more than six days. During that period the store was closed. If any purchaser offered himself, the receiver let him into the store, which on each occasion occupied only 10 or 15 minutes. This happened not more than three times. The offer of 65 per cent. of the value of the stock from Raymond Bros., to whom it was finally sold, was secured through no effort of the receiver. He employed an attorney to prepare the few papers necessary and presented a claim for $200 for attorney's fees. This was cut by the referee to $75. He also presented a claim for $76.80 for his own services, which was reduced by the referee to $50.

It does not seem to me that the receiver performed any such services, or carried on the business to any such extent, as would warrant the allowance of any larger fee than 2 per cent. on the first $1,000 and one-half of 1 per cent. on all above $1,000, as provided in section 48d of the Bankruptcy Act.

The order will be modified, to allow the receiver the sum of $24.20.