In re METROPOLITAN MOTOR CAR CO.

(District Court, W. D. Washington, N. D. July 12, 1915.)

No. 5393.

1. BANKRUPTCY ⊗⟶114—RECEIVERS—DUTIES—ORDER OF APPOINTMENT.
    The duties of a receiver of a bankrupt's assets are limited by the powers given him in the order of appointment, and he cannot exceed the powers of the appointment and demand compensation for acts not authorized thereby.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. ⊗⟶114.]

2. BANKRUPTCY ⊗⟶484 — RECEIVERS — APPOINTMENT — COMPENSATION —"MERE CUSTODIAN"—"CONDUCTING OF THE BUSINESS."
    A receiver, appointed to take charge of the assets of a bankrupt and preserve the same pending the election and qualification of a trustee, or until dismissal of the petition in bankruptcy, who takes possession of book accounts and bills receivable, may, when necessary to preserve the estate, collect the accounts; and he is, when doing so, more than a mere custodian, though not conducting the business, within Bankr. Act July 1, 1898, c. 541, § 48, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (Comp. St. 1913, § 9632), fixing the compensation of receivers acting as mere custodians and additional compensation for conducting the business, and the court must make a reasonable allowance within the statutory limits, as required by section 2, subd. 5, as amended in 1903 (Act Feb. 5, 1903, c. 487, § 1, 32 Stat. 797) and 1910 (Act June 25, 1910, c. 412, §§ 1, 2, 36 Stat. 838, 839 [Comp. St. 1913, § 9586]) authorizing the appointment of receivers, and additional compensation, as provided in section 48.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. ⊗⟶484.]

In Bankruptcy. In the matter of the Metropolitan Motor Car Company. On petition to review an order of the referee fixing the allowance of the receiver. Referred back to the referee, to make a reasonable allowance within the statutory limits.

Walter Schaffner, of Seattle, Wash., for receiver.

NETERER, District Judge. On the 12th of January, 1915, upon affidavit and petition of creditors, a receiver was appointed to "take charge of all of the assets of said bankrupt and preserve the same pending the election and qualification of the trustee herein, or until the dismissal of the petition," and it was further ordered that the receiver take an immediate inventory of the assets of the bankrupt. The receiver qualified and entered upon the discharge of his duties. The bankrupt estate consists of automobile supplies, etc., together with

books of account and bills receivable. The receiver, instead of merely holding possession of the accounts and bills receivable and the personal property, and appreciating that a large portion of the accounts would become utterly lost, unless immediate collection was made, set about and collected many of the accounts, pending the election of the trustee, and saved to the estate a considerable sum of money by reason of his conduct. The referee, in certificate on petition for review, states:

"There is no question in my mind, from the showing made, that this receiver spent a great deal of time looking after the affairs of the bankrupt, and performed services of substantial value to the estate, and that, while he did more than to act as a mere custodian, he did less than carry on the business of the bankrupt"

—and limited the receiver's compensation to 2 per cent. on the first $1,000 and one-half of 1 per cent. on all above $1,000 on money disbursed by him, or turned over by him to the trustee, or realized from property turned over by him to the trustee.

[1, 2] It is contended that the referee erred in not allowing the receiver additional compensation for conducting the business, as provided in subsection "e" of section 48 of the acts of Congress relating to bankruptcy. There is no question but that a receiver's duties are limited by the powers given him in the order of appointment. A receiver could not exceed the powers of the appointment, and expect compensation for any activities not authorized. His duties under the appointment in this case were to preserve and keep the estate. That did not simply mean to hold the accounts and the bills receivable as evidence of indebtedness and turn them over in that condition to the trustee when elected, but comprehended more than the mere holding of the tangible evidences of the estate, and did require him to preserve the estate—which is the money represented by these various funds—and if activity was required upon his part, realizing that this estate was about to be lost by debtors moving away, or changing their financial status or relation to property, he should set about to conserve this estate, and in performing such duties he would be doing more than a "mere custodian," but would not be within the definition of conducting the business, as set forth in section 48, supra. There is a zone of activity of a receiver between a "mere custodian" and the "conducting of the business" (3 Remington on Bankruptcy, par. 390½, p. 105); and the proviso limiting the compensation of the custodian was undoubtedly meant to cover cases where the services performed were merely those of a "keeper" (In re Ginsburg [D. C.] 208 Fed. 160; In re Griesheimer [D. C.] 209 Fed. 134).

Section 2, subd. 3, of the Bankruptcy Act of 1898 gives the court power to:

"Appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified."

Subdivision 5 of the same section:

"Authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interest of the estates."

The compensation of officers in the administration of bankruptcy estates was fixed by section 48a of the Bankruptcy Act of 1898, but this did not provide any compensation for receivers; and courts granted compensation under the general equitable powers of the court, and limited the amount received to reasonable compensation for the services performed. In re Scott (D. C.) 99 Fed. 404; In re Adams Sartorial Art Co. (D. C.) 101 Fed. 215. In 1903 subdivision 5, supra, was amended by adding the following:

"And allow such officers additional compensation for such services, but not at a greater rate than in this act allowed trustees for similar services."

Section 48a, supra, provides for compensation as follows:

"Trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and such commissions on all moneys disbursed or turned over to any person, including lienholders, by them, as may be allowed by the courts, not to exceed six per centum on the first five hundred dollars or less, four per centum on moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per centum on moneys in excess of fifteen hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars. * * *"

In 1910 subdivision 5, supra, was further amended so as to read:

"Authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interests of the estates, and allow such officers additional compensation for such services, as provided in section forty-eight of this act."

It will be observed that the amendment of 1903 to subdivision 5, supra, limited the discretion of judges in allowing fees to receivers to the maximum for compensation to trustees provided in section 48a, supra. By the act of 1910 section 48 was amended with relation to compensation of receivers and marshals, so as to provide (subdivision "d"):

"* * * That when the receiver or marshal acts as a mere custodian and does not carry on the business of the bankrupt as provided in clause five of section two of this act, he shall not receive nor be allowed in any form or guise more than two per centum on the first thousand dollars or less, and one-half of one per centum on all above one thousand dollars on moneys disbursed by him or turned over by him to the trustee and on moneys subsequently realized from property turned over by him in kind to the trustee. * * *"

And it then provides that no allowance shall be made, however, until notice shall be given to the creditors, provided in the act.

Subdivision "e" of section 48, supra, provides:

"Where the business is conducted by trustees, marshals, or receivers, as provided in clause five of section two of this act, the court may allow such officers additional compensation for such services by way of commissions upon the moneys disbursed or turned over to any person, including lienholders, by them, and, in cases of receivers or marshals, also upon the moneys turned over by them or afterwards realized by the trustees from property turned over in kind by them to the trustees; such commissions not to exceed six per centum on the first five hundred dollars, two per centum on moneys in excess of one thousand five hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars. * * *"

Light will be thrown upon the intent of the lawmakers upon the enactment of this amendment by reference to the report of the Senate judiciary committee of the Sixty-First Congress (Rep. No. 691), which appears in the footnote of page 46 of Collier on Bankruptcy (10th Ed.), as follows:

"The present amendment fixes the maximum compensation that can be allowed receivers for the performance of the ordinary duties at precisely this same rate [the rate allowed trustees under section 48a], instead of leaving it to the unlimited discretion of the court. It also fixes the extra compensation, whether it be to the receiver or trustee, for the conducting of the business, to once again this same compensation; so that, at best, the ordinary and extraordinary compensation, taken together, in the event both a receiver and trustee have successively had charge of the estate, and even have both conducted the business, cannot exceed four times the amount allowable to a trustee by section 48a of the act for the performance of his ordinary duties. The practical difficulty in allowing commissions to receivers, where the receivers turn over to the trustee in specie the property which they have been taking care of, is obviated by the provision that the commissions are to be figured upon the amounts thereafter actually realized upon the sale of such property so turned over in specie. Thus the bill seeks to reduce to one rational basis of commissions, on moneys actually realized, the compensation, both ordinary and extraordinary, of both trustee and receiver; and by this is done away with also the unlimited discretion of the courts in the allowance of compensation to such officers. Of course, the rates of commission prescribed are maximum limitations. Less, but not more, may be allowed, and it is hoped the courts will exercise their discretion still in allowing less amounts where proper."

It is thus seen that the intent was to fix a maximum limit to compensation, and the discretion to be exercised in allowing the lesser amounts. A fair consideration of this report, together with the powers, duties, and limitations prescribed in the act with relation to the compensation fixed, leads me to the conclusion that there was an intermediate zone between the powers and duties prescribed by subsections 3 and 5, supra, for the compensation of services rendered in behalf of the estate, in which the discretion of the court must be exercised. In re Kirkpatrick, 148 Fed. 811, 78 C. C. A. 501; In re Richards et al. (D. C.) 127 Fed. 772; In re Ginsburg, supra; In re Griesheimer, supra.

Upon the record and the certificate of the referee, I am convinced that the receiver in this case occupied that intermediary zone in which he was more than a custodian, and should be compensated for the services which he actually rendered which were of benefit to the estate. The matter is referred back to the referee, with instructions that notice be given to all creditors, pursuant to the provisions of subdivision "d," § 48, supra, and determine such sum, within the limitations of the act, as will reasonably compensate the receiver for the services rendered.